**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOSHUA THOMAS EARL WILLIAMS, SR., #K5949**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO: 4:10-CV-23-LRA**

**MANAGEMENT OF GEO, ET AL**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment, ECF No. 32. Jurisdiction of the Court is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned Magistrate Judge for all purposes pursuant to the consent of the parties by Order entered by District Judge Henry T. Wingate, ECF No. 25. Defendants are Dale Caskey, the retired former senior warden at the East Mississippi Correctional Facility ["EMCF"]; Bart Grimes, EMCF's Assistant Warden for Security during the period in question; and, The GEO Group, Inc., the corporate operator of the EMCF and the employer of Defendants Caskey and Grimes. Plaintiff Joshua Williams is an inmate in the custody of the Mississippi Department of Corrections ["MDOC"], housed in EMCF during the period in question, and now housed at the Delta Correctional Facility in Greenwood, Mississippi.

Under Federal Rule of Civil Procedure 56, summary judgment is only appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This language requires the "entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Having carefully reviewed the complaint, the sworn testimony of Williams at the omnibus hearing, the Motion for Summary Judgment and the accompanying exhibits, as well as the applicable law, the Court finds that Williams's claims are insufficient in law to state a cause of action under §1983.  The case shall be dismissed for failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. 1915(e)(2).  Further, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law.  Accordingly, Williams's complaint will be dismissed for the reasons set forth below.

Plaintiff had been incarcerated in the custody of MDOC in the EMCF for nearly a year when the omnibus hearing was conducted.  He was housed in Housing Unit 5B of EMCF from August 18, 2009, until March 10, 2010, when he was moved to another location there.  His complaints relate to Unit 5B.  The Court previously described Williams's testimony from the omnibus hearing as follows.

> ... According to Plaintiff's sworn testimony, during all this time, he has never been provided with any cleaning supplies to use to clean inside his cell.  The outsides of the cells are cleaned regularly but not the insides.   He is only issued bar soap for bathing once a week.  According to MDOC policy, inmates should be issued cleaning items three times per week.  None of the food trays are cleaned properly.   Plaintiff says that something was sprayed on the inside of his cell on a few occasions during the year; it did not help.  He requests that he be provided a mop, a bucket, a germicide, and some kind of toilet bowl cleaner on a regular basis.
> Plaintiff contends that his cell is filthy.  Prisoners have flooded their cells, have thrown feces, and have set fires; all of this causes the cells to be health hazards.  Plaintiff asserts that an inmate with hepatitis is housed above him.  The water from his cell sometimes runs into Plaintiff's cell, and he fears that he will contract hepatitis.  Thus far, Plaintiff has only contracted rashes due to the dirty conditions; he has had no other health problems.
> Plaintiff contends that he has complained to Defendants Warden Caskey and Warden Grimes, but nothing has been done.  Plaintiff alleges that Defendant GEO violated his constitutional rights by not performing a proper inspection of the facility.  If they had, they would have discovered the filth and could have made changes.

ECF No. 23, pp. 2-3.

In addition to Williams's testimony and medical records, the Court has also considered the Affidavits of Sandra Atwood, R.N. [Exhibit 2 to Motion for Summary Judgment]; Dr. Rolando T. Abangan [Exhibit 3]; and, Clark Puckett, Business Manager at EMCF [Exhibit 4]. The information contained in these records and affidavits has not been rebutted by Williams with competent evidence.

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." *Whitley v. Albers*, 475 U.S. 312, 319 (1985) *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillespie v. Crawford*, 833 F.2d 47, 50 (5th Cir. 1987). While comfortable prisons are not required, the Eighth Amendment does require "humane" conditions; inmates are to receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). This "risk must be of such a level that today's society would not tolerate it." *Id*. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304. Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both the objective and subjective components. *Davis*, 157 F.3 at 1006, *citing Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As the Court noted in *Davis*, if objective extreme deprivations are not proven, it is unnecessary to reach the subjective component.

In Plaintiff's case, neither the objective or subjective components can be met. His own testimony confirms that these prison officials were not attempting to punish him by the conditions under which he was housed: Williams simply was not satisfied with the sanitation at the prison. Other than minor rashes, for which he did not seek medical care, he has made no claims of other damages or health problems. Though he fears he will contract diseases in the future, or become sick due to the unsanitary conditions, he is no longer housed at EMCF. Any requests for injunctive relief are now moot, and only his request for monetary damages would be actionable at this time. Because Plaintiff has not suffered any physical injury, no damages could be shown.

Plaintiff's medical records confirm that he did not suffer health problems due to his conditions of confinement. Dr. Abangan reported that Plaintiff's fears of contracting hepatitis were unfounded. He noted that Plaintiff did not complain about rashes, and none were observed. Medical staff would have noted "poor hygiene" if Plaintiff's hygiene had not been appropriate. Nurse Atwood also confirmed that Plaintiff had suffered no injury due to the jail's sanitation.

Mr. Puckett, EMCF Business Manager, described the policies effective during 2008-09 at EMCF regarding issuance of clothing, bedding and linen, hygiene items,

inmate canteen/commissary, and EMCF sanitation.  Clothes and bedding are replaced when necessary.  Laundry runs daily, except on weekends, and linens and undergarments are washed two days per week and outerwear is washed three days per week.  The GEO Inmate Handbook provides that hygiene items are provided on an as needed basis.  As a practice, EMCF distributes both soap and toilet tissue on a weekly basis to each housing unit.  The Handbook also provides for written housekeeping plans, and requires that cleaning assignments be made for inmates.  Inmates are required to keep their cells clean.

     Mr. Puckett also confirmed that all of EMCF has been temperature controlled since it opened, and the facility is maintained at a range of 70 to 76 degrees Fahrenheit at all times.  A commercial dishwashing machine is used to clean food trays; it uses hot water and a chemical sanitizer and exceeds the health department's cleanliness requirements.

     Williams conceded that he does receive soap once a week, and he uses that soap to clean his cell.  He also conceded that the outsides of the cells are cleaned regularly, and that cleaning chemicals are sometimes sprayed inside his cell.  Although he generally alleges that other inmates flood cells, light fires, and throw feces,[1] he does not show that he was damaged by any such acts of other prisoners.  His fears are primarily speculative and concern what might happen in the future.  Since he is no longer housed at EMCF, none of his fears have come to fruition and are now moot.

     An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Under the circumstances, wherein Plaintiff has

---

[1] Defendants request that Plaintiff's claims regarding distribution of soap, exposure to an inmate with Hepatitis C or other diseases, and inmates throwing feces, flooding cells, or setting fires, be dismissed due to Plaintiff's failure to exhaust his administrative remedies.  Their argument is meritorious.  Because the Court finds that these claims are frivolous, they shall be dismissed on the merits.

not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of these individual defendants, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation. Plaintiff has shown no actual injury; he primarily claimed discomfort and the fear of becoming ill. This does not rise to the level of an Eighth Amendment claim.

Having liberally construed the Complaint in favor of Plaintiff, the Court finds that his claims are frivolous[2] and fail to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). The Court finds that there are no genuine issues as to any material fact in this case, and Defendants are entitled to a judgment at law. Accordingly, Defendants' Motion for Summary Judgment [ECF No. 32] is hereby granted,

Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

---

[2]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

[3]28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 24th day of August, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE